IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY KELLY                           * | |
|           Plaintiff, | |
| v.                                     * | CIVIL ACTION NO. AW-07-1196 |
| MARYLAND DEPARTMENT OF          * | |
|   HEALTH & MENTAL HYGIENE | |
| CLIFTON T. PERKINS HOSPITAL           * | |
|  CENTER | |
| EDWARD WHITFIELD                      * | |
|           Defendants.              * | |
|                                      ***    | |

**<u>MEMORANDUM</u>**

This 42 U.S.C. § 1983 civil rights action seeks compensatory and punitive damages raises an access-to-courts claim. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on April 19, 2007, at 1:47 p.m. he gave Defendant Whitfield[2] two pieces of outgoing legal mail to go to the Circuit Courts in Howard and Montgomery Counties in Maryland. He seemingly alleges that 15 minutes later he gave a nurse additional legal mail. He claims that all letters were placed in Whitfield's mailbox. Plaintiff also asserts that on April 23, 2007, when he gave a charge nurse addition outgoing legal mail to place in Whitfield's mailbox, the previous outgoing legal mail was still in the mailbox. He states that a social worker

---

[1] The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first degree rape and robbery. *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

[2] Defendant Whitfield's name is not listed in the caption of the Complaint, but appears in the body of the Complaint. The Clerk shall amend the docket accordingly.

took all his legal mail to the mailroom that same day. In sum, Plaintiff claims that his legal mail was held in Whitfield's mailbox for four days.

While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be summarily dismissed. First, neither the State nor an arm of the State is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Therefore, Plaintiff's Complaint against the Maryland Department of Health & Mental Hygiene is subject to dismissal.

Second, in order to state a claim for damages under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that he or she was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 168-69 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in § 1983 action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va.1999) (regional jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ( claims under § 1983 are directed

at "persons" and the jail is not a person amenable to suit). Consequently, the Clifton T. Perkins Hospital Center is an inanimate object not subject to suit under § 1983.

Finally, Plaintiff's Complaint as presented fails to articulate a Fourteenth Amendment access-to-courts claim against Defendant Whitfield. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that *Bounds v. Smith* stood for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they be provided the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

Plaintiff claims that his legal mail was held in Defendant Whitfield's mailbox for a four-day period, from Thursday, April 19, 2007, to Monday, April 23, 2007, at which time it was sent to the mailroom. There is no allegation that this brief delay caused Plaintiff to miss filing deadlines resulting in real injury, *e.g.*, dismissal of cases.

For the aforementioned reasons, Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory" and shall be dismissed pursuant to 28 U.S.C. §1915(e).[3] A separate Order shall be entered in compliance with the opinion set out above.[4]


Date: May 23, 2007                                        /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge

---

[3]      28 U.S.C. § 1915(e)(2) states that:

   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

   (A)   the allegation of poverty is untrue; or
   (B)   the action or appeal--
   (i)   is frivolous or malicious;
   (ii)  fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

[4]      The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA"). Plaintiff is not a "prisoner" within the meaning of the PLRA. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity. *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). In *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA. *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.* The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.
.